**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John S. PANGELINAN, Defendant—
Appellant.**

No. 07–10032.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2007.*

Filed Oct. 11, 2007.

Craig N. Moore, Esq., USNMI–Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

Law Office of Steven P. Pixley, Saipan, MP, for Defendant–Appellant.

Before: SILER **, THOMAS, and BEA, Circuit Judges.

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM ***

John S. Pangelinan appeals his jury conviction of two counts of obstruction of a court order, in violation of 18 U.S.C. § 1509, arising out of his use of threats to interfere with a court order. We have jurisdiction pursuant to 28 U.S.C. § 1291, reverse Pangelinan's conviction on Count 1, but otherwise affirm. Because the facts and procedural history are familiar to the parties, we repeat them here only as necessary.

First, the evidence was insufficient to support Pangelinan's conviction under § 1509 on Count 1. Pangelinan's June 1, 2006, letter contains no language which any rational trier of fact could reasonably find expressed or implied a threat of physical or unlawful harm to person or property. *United States v. Stewart*, 420 F.3d 1007, 1016–17 (9th Cir.2005). We therefore REVERSE Pangelinan's conviction on Count 1. The evidence, however, is sufficient to affirm Pangelinan's conviction on Count 2. Pangelinan's June 19, 2006, letter contains language which a rational trier of fact could find expressed a threat of physical harm to person or property. *Id.*

We reject each of Pangelinan's remaining claims. The district court's taking judicial notice of Pangelinan's misdemeanor contempt conviction did not violate Federal Rule of Evidence 609(a). In no instance did the district court abuse its discretion in disallowing certain questions during defense counsel's cross-examination of prosecution witnesses. *See United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir.2007) (en banc). The jury instruction regarding

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the legal definition of "true threat" was proper. *United States v. Cassel,* 408 F.3d 622, 636 (9th Cir.2005). Finally, there was no cumulative error which violated Pangelinan's Fifth and Sixth Amendment rights to due process and a fair trial.

**REVERSED IN PART, AFFIRMED IN PART.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.